400 So.2d 1019 (1981)
ORANGE COUNTY SCHOOL BOARD and the Hartford Accident and Indemnity Company, Appellants,
v.
Dorothy VAN ZANT, Appellee.
No. XX-224.
District Court of Appeal of Florida, First District.
June 26, 1981.
*1020 Richard H. Weisberg of Cooper & Rissman, Orlando, for appellants.
Irvin A. Meyers of Meyers, Mooney & Adler, Orlando, for appellee.
PEARSON, TILLMAN (Retired), Associate Judge.
The single question presented on this appeal is whether a fee for a claimant's attorney allowed in a workers' compensation proceeding is reasonable and supported by competent, substantial evidence. The right to a fee for claimant's attorney arose out of an order of June 20, 1978. The June 20th order determined that the claimant was not required to purchase her prescriptions from a particular pharmacy selected by the carrier and directed the payment of a bill in the amount of $49.75.[1] The fee allowed was in the amount of $4,000.00.
The parties agree that the evaluation of services for the purpose of setting a fee is to be governed by the factors set forth in Lee Engineering and Construction Company v. Fellows, 209 So.2d 454 (Fla. 1968). They are as follows:
In determining the amount of the fee, it is proper to consider: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms, with other clients; (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client. No one of these considerations in itself is controlling. They are mere guides in ascertaining the real value of the service. Lee Engineering at 458-459.
Neither the record nor the deputy commissioner's order provide a basis for the allowance of the fee assessed upon a consideration of the factors set forth in Lee Engineering, supra. Since the benefits obtained from the original claim were negligible, one of the primary factors relied upon to determine the fee award was the amount of time expended in preparation of the case. In this regard, the deputy's determination of 26 hours is not supported by the record. Initially, the testimony of claimant's counsel as to the number of hours he expended was merely an estimate. Counsel did not keep time records and he arbitrarily assigned ten minutes to every activity connected with the file. The estimate also *1021 included approximately four hours of conference with the claimant and four hours of hearing and preparation time, together with three hours preparing the deputy commissioner's order. In Brevard County School Board v. Walters, 396 So.2d 1197 (Fla. 1st DCA 1981), this Court admonished counsel for failure to keep time records and noted that the "absence of reliable time and work records makes it impossible to identify any extraordinary personal counseling and to differentiate between that and necessary legal services." Similarly, in this case it appears that the number of hours expended in conferences with the claimant included a good portion of "handholding", which the Walters court held was not compensable. In addition, the evidence also indicates that the 26 hour figure erroneously included time which was unrelated to the issue of who was responsible for selection of and payments to the pharmacy. See, e.g. Burk Construction Co. v. Terribile, IRC Order 2-3132 (April 11, 1977), cert. denied 353 So.2d 680 (Fla. 1977).
Of the remaining Lee Engineering factors that were applicable to this case,[2] evidence introduced regarding the novelty and difficulty of the issue, the customary charges for services, the amount involved in the controversy, and the contingency of compensation was not sufficient to explain the great divergence between the proved time expended on the case and the amount of the fee.
It is our conclusion that the deputy commissioner has misapplied the factors considered and that the order allowing the fee must be reversed and the matter remanded for a further consideration. Reconsideration is to be limited to the actual hours proved to have been expended on the case and the expert testimony received is to be directed only to the factors here held applicable.
REVERSED and REMANDED for reconsideration consistent with this opinion.
MILLS, C.J., and SHAW, J., concur.
NOTES
[1] The order of June 20, 1978, was appealed and affirmed but appellate fees are not a part of the consideration for the fees allowed in the order now appealed.
[2] Factors (2) and (6) of Lee Engineering do not appear to be applicable in this case.