McCORD, Judge.
Stone, a construction worker who was injured on the job, appeals a worker’s compensation order in which the deputy commissioner denied Stone’s claim for temporary total disability, established a date of maximum medical improvement, rejected a request for payment of past and future medical care by the treating physician and determined that temporary disability benefits should be discounted on the ground that Stone could earn $100 per week if only he had accepted, or would accept, employment.
We reverse the finding of MMI because at the final hearing the parties stipulated that maximum improvement had not been reached. The date of MMI was not at issue. See Lopez v. Par Mell Apartments, et al, IRC Order No. 2-3859 (July 12,1979); Principe v. Mt. Sinai Hospital, 156 So.2d 385 (Fla. 1963). The evidence of maximum medical improvement was equivocal; the evidence and the stipulation were not “at variance in such a way as to show good cause for modification of the stipulation.” Delta Drilling Co., et al v. Wells, IRC Order No. 2-3708 (Feb. 22, 1979). Therefore, it was error for the deputy to find Stone had reached MMI prior to the date of the hearing at which the stipulation was reaffirmed.
We must also reverse the finding that Stone “would be able to earn $100.00 per week if he accepted, or had accepted, appropriate employment.” There is no record support to justify that figure, although the record contains evidence from which the deputy might conclude Stone is employable. Upon remand, the deputy may accept additional evidence on this point.
The deputy properly denied payment for medical care received by Stone after the carrier withdrew its authorization of the doctor and offered Stone a choice of other medical treatment. Carlton Arms of Winter Park, et al v. Polston, IRC Order No. 2-3725 (Feb. 28, 1979).
Accordingly, this cause is remanded to the deputy for further proceedings not inconsistent with this opinion.
SHIVERS, J., and LILES, WOODIE A. (Retired), Associate Judge, concur.