WIGGINTON, Judge.
This workers’ compensation appeal presents issues involving the determination of maximum medical improvement and average weekly wage, the applicability of the *820 Act’s agricultural labor exemption, and an alleged lapse in the appellant’s workers’ compensation coverage.
We affirm the deputy commissioner’s determination that the claimant was not exempt from the Workers’ Compensation Act under the agricultural labor provision of section 440.02, Florida Statutes (1977). See Miranda v. Southern Farm Bureau Casualty Insurance Co., 229 So.2d 232 (Fla.1970).
We also affirm the deputy’s finding that the Workers’ Compensation insurance policy issued to the employer by the Insurance Company of North America did not include the claimant as a covered risk on the day of the accident. However, we cannot approve the comment, expressed as dictum in the deputy’s order, that the employer’s subsequent compensation carrier is similarly free from responsibility. The record contains insufficient evidence for such a finding, so the order should not be construed as deciding liability between the employer and subsequent carrier.
We reverse the deputy’s reservation of jurisdiction to determine the average weekly wage, because neither party presented good cause to modify their pretrial stipulation to an average weekly wage of $150. See Stone v. A & G Plastering, et al., 404 So.2d 1183 (Fla. 1st DCA 1981).
Finally, we reverse the deputy’s conclusion that the claimant has not reached maximum medical improvement as appellee confesses error. We remand so the deputy may determine the date of MMI, taking additional evidence, if necessary.
Accordingly, the order is affirmed in part, reversed in part and remanded.
JOANOS and THOMPSON, JJ., concur.