MILLS, Judge.
This is a workers’ compensation appeal by the employer/carrier from an order awarding permanent partial disability benefits and attorney’s fees. The propriety of both awards is at issue. We affirm.
Coster worked in the City Laundry and Linen Supply warehouse. He suffered from a duodenal ulcer. In April 1977, Dr. Cantwell performed an operation known as a vajectomy (the cutting of an opening from the stomach to the duodenum). Cost-er was released for light work on 12 May 1977.
On 17 May 1977, Coster was lifting at work when he felt a pain in his stomach. Dr. Cantwell diagnosed a ventral hernia at the site of the vajectomy incision. Dr. Cantwell operated to repair the ventral hernia in November 1977.
In 1979, Coster filed a “shotgun” claim seeking benefits. The claim resulted in an unappealed order dated 9 December 1980. Among other things, the order (1) found Coster sustained a compensable ventral hernia causally related to the lifting accident of 17 May 1977, (2) found the November 1977 surgery unsuccessful and, as a direct result, Coster suffers from another ventral hernia, (3) found Coster entitled to further medical care at the direction of Dr. Cantwell, (4) found Coster’s attorney entitled to a reasonable fee and reserved jurisdiction to determine the amount, and (5) denied temporary total disability benefits.
Dr. Cantwell performed a second ventral hernia repair operation in October 1981. In December 1981, Coster filed a claim seeking temporary total or temporary partial disability benefits.
Prior to hearings on the 1981 claim, the parties entered into a pretrial stipulation stating benefits claimed as, “TTD and/or TPD 3/1/80 to MMI; if MMI then PPD; *643 interest, costs, attorney’s fees.” The stipulation was approved by the deputy and later entered into evidence.
At the first evidentiary hearing, Coster withdrew the claim for temporary disability benefits. When the hearing reconvened two months later, the employer/carrier moved to dismiss the remaining permanent disability claim on the grounds no claim had been filed for permanent disability benefits. The motion was denied.
Following testimony concerning Coster’s condition and entitlement to benefits, the deputy heard testimony concerning a reasonable fee for Coster’s attorney. Coster’s attorney testified he spent 80 hours on the ease, including time spent before the order of 9 December 1980. He could not, however, provide a specific breakdown of the time. He testified a $12,000 fee would be reasonable. The fee, strictly calculated pursuant to the formula provided in Section 440.34(1), Florida Statutes (1977), would have been $2,674.50.
By order dated 6 December 1983, the deputy ordered the employer/carrier to pay permanent partial disability beginning on the date of maximum medical improvement. He also ordered the employer/carrier to pay $5,000 for Coster’s attorney’s fees.
In the order, the deputy, among other things, found (1) Coster reached maximum medical improvement on 11 April 1983 with a 15% permanent partial anatomical impairment of the body as a whole, and (2) Cost-er’s attorney spent at least 50 necessary and reasonable hours on the case.
The employer/carrier assert Coster is not entitled to further benefits because there is no competent substantial evidence of a causal relationship between the ventral hernia, as it recurred after June 1979, and the industrial accident of 17 May 1977. This assertion is without merit because the unappealed order of 9 December 1980 established the compensability of, and therefore the causal relationship between, the ventral hernia as it existed on the date of the order and the industrial accident. That order is res judicata. It is too late to raise the issue.
The employer/carrier next assert that the issue of permanent partial disability was not properly before the deputy because permanent partial disability benefits were not claimed in the December 1981 claim for benefits. But the pretrial stipulation, accepted and approved by the deputy, put the permanent disability claim in issue. Parties are bound by a pretrial stipulation absent good cause for modification. Stone v. A & G Plastering, 404 So.2d 1183 (Fla. 1st DCA 1981). The issue was ripe for adjudication because the deputy found in the order here appealed that Coster had attained maximum medical improvement.
Finally, the employer/carrier challenge the $5,000 attorney’s fee award. Citing Orange County School Board v. Van Zant, 400 So.2d 1019 (Fla. 1st DCA 1981), they contend Coster’s attorney’s failure to introduce his time records into evidence precludes a fee greater than $2,674.50.
Failure to keep time records does not automatically preclude a fee award greater than that called for by the contingent fee formula of Section 440.34(1), Florida Statutes (1977). Tinsley v. City of St. Petersburg, 373 So.2d 675 (Fla.1979). Van Zant is not to the contrary. In that case, the claimant’s attorney was responsible only for procuring an order determining the claimant was not required to purchase prescriptions from a particular drug store and directing the employer/carrier to pay a $49.75 bill. For this, claimant’s attorney was awarded the extraordinary fee of $4,000. In reversing the fee award, the Court noted that in addition to the fact counsel initially only estimated the number of hours spent on the case, the evidence showed some of the time spent with the client was “handholding” or unrelated to the issues adjudicated and hence not com-pensable.
Here, Coster’s attorney was responsible for procuring $12,380 in benefits, and was awarded a $5,000 fee. The deputy did not err.
*644 The employer/carrier make other arguments concerning the fee award which we also find meritless.
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.