PER CURIAM.
After a thorough examination of the record, we find that there is substantial competent evidence to establish that the fa *1326 ther, Richard Heck, Jr., abused M.H. and R.H., as that term is defined in section 89.-01(2), Florida Statutes (1991). See Shaw v. Shaw, 334 So.2d 13 (Fla.1976); Paquin v. Department of Health & Rehabilitative Servs., 561 So.2d 1286 (Fla. 5th DCA 1990). Moreover, the father cannot now complain about the introduction of the child hearsay statements in the videotapes where the father entered into a pretrial stipulation in which he agreed to allow the children’s hearsay statements contained in the videotapes to be admitted during the trial. See Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1 (Fla.1971) (An appropriate stipulation is binding upon parties and court.); City Laundry & Linen Supply v. Coster, 465 So.2d 641 (Fla. 1st DCA 1985) (Parties are bound by pretrial stipulation absent good cause for modification.). Accordingly, the trial court’s order adjudicating M.H. and R.H. dependent as to their father is hereby affirmed. See Hardy v. Department of Health & Rehabilitative Servs., 568 So.2d 1314 (Fla. 5th DCA 1990); Castellanos v. Department of Health & Rehabilitative Servs., 545 So.2d 455 (Fla. 3d DCA 1989); In the Interest of C.G., 506 So.2d 1131 (Fla. 2d DCA 1987).