Filed 5/28/14 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2014 ND 104

State of North Dakota, Plaintiff and Appellee

v.

Barry Lynn Roe, Defendant and Appellant

No. 20130326

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Brian D. Grosinger, Assistant State’s Attorney, 210 2nd Ave. NW, Mandan, ND 58554, for plaintiff and appellee.

John T. Goff, P.O. Box 9199, Fargo, ND 58106-9199, for defendant and appellant.

State v. Roe

No. 20130326

VandeWalle, Chief Justice.

[¶1] Barry Roe appealed from a criminal judgment entered after a jury found him guilty of two counts of gross sexual imposition.  We affirm the judgment, concluding the district court did not err in admitting child hearsay statements as part of a stipulation.  We also conclude there was sufficient evidence to sustain the convictions and the prosecutor did not commit misconduct during closing argument.

I

[¶2] The State charged Roe with two counts of willfully engaging in sexual contact with two minor children, K.V. and N.V.  The children were both under the age of twelve at the time of the alleged incidents.  Authorities also investigated whether Roe willfully engaged in sexual contact with a third child, C.V., but charges were not brought with respect to this child.  Before trial a motion hearing was held to determine the admissibility of two out-of-court recorded DVD forensic interviews of the alleged victims, K.V. and N.V.  The State sought to have the recordings of the forensic interviews admitted into evidence.  The defense sought admission of a third out-of-

court forensic interview involving the third child, C.V.  The interview with C.V. allegedly contained exculpatory information and generally repudiated the accusations against Roe.

[¶3] At the hearing, Shannon Hilfer, a forensic interviewer at the Dakota Children’s Advocacy Center, testified she conducted forensic interviews with K.V. and N.V.  Hilfer also testified she conducted the interview with C.V., but that she was not prepared to testify concerning her interview with C.V.  Following Hilfer’s foundational testimony, the defense and the State stipulated to the admissibility of the three out-of-court recorded forensic interviews.  The State suggested it may potentially use the recordings if the alleged child victims gave partial statements or did not testify at trial.  The defense indicated that its main concern was that the children would be present and subject to cross-examination as required by the Confrontation Clause.  
See
 U.S. Const. amend. VI; N.D. Const. art. I, § 12.

[¶4] At trial, the two alleged minor victims did testify.  N.V. testified she was nine years old and was able to identify Roe in the courtroom.  N.V. testified that Roe was her neighbor when she lived in Mandan in 2012.  N.V. testified she lived in Mandan with various family members and her cousins, K.V. and C.V.  N.V. testified she and her cousins would visit Roe because he was nice.  She testified Roe let the girls ride in his truck, watch T.V., play on his computer and play in his basement.  N.V. testified she stopped going over to Roe’s house after a report was made.  N.V. testified Roe tried to have sex with her and put his hand up her shirt and touched her nipples.  N.V. additionally testified Roe put her hand down his pants and touched his private part.

[¶5] K.V. also testified.  K.V. testified she was eleven years old.  She testified that, at one time, she lived in Mandan and was neighbors with Roe.  K.V. testified she would go over to Roe’s house and watch movies and play games.  She testified she stopped going over to his house in 2012 after Roe put his hands up her cousin’s shirt and down her pants.  K.V. testified she saw Roe touch N.V. in this manner in Roe’s room at his house in Mandan.  K.V. testified the incident occurred while she was playing on the computer and her cousin was playing hide and seek.  K.V. also testified Roe would take her to stores and let her drive his car or truck by sitting on his lap and steering.  K.V. testified Roe put his hand on her thigh, “and he would kind of move his way up, and that’s when I would jump off to the other seat.”  K.V. testified Roe did not touch her private part, but came close, “like 3 or 4 inches.”

[¶6] Shannon Hilfer, of the Dakota Children’s Advocacy Center, also testified.  Hilfer testified she conducted forensic interviews with K.V. and N.V. on March 21, 2012.  She testified the interviews took place at the Child Advocacy Center in Bismarck, and that the interviews were recorded on DVD.  The State, referring to inappropriate touching, asked whether K.V. made any disclosures during the interview.  The defense objected based on hearsay and duplicative evidence.  The defense stated, “I previously agreed with [the State] that the DVDs can be played for the jury.”  The defense further stated, “I have no objection [to playing the DVDs], and we covered this at the 803 hearing, to all three DVDs coming in.  It was my understanding that was the Court ruling, that all three would be offered.”  During a jury recess, counsel for the defense further stated, “We’ve come to the point in the case where the DVDs that were previously addressed by the Court in the 803(24) hearing are going to be submitted.  I believe it’s our mutual intention to submit all three DVDs in a row, as it were.”  The jury viewed all three of the forensic interviews, including the DVD containing C.V.’s allegedly exculpatory information.  After the DVD containing K.V.’s forensic interview was played in open court, Hilfer testified that K.V. made disclosures of sexual contact by Roe.

[¶7] At the close of the State’s case, Roe moved for a judgment of acquittal pursuant to N.D.R.Crim.P. 29.  With respect to the charge concerning sexual contact with K.V., the State’s attorney asserted, “I acknowledge that K.V. had indicated that there was no sexual contact during her direct testimony.  Nevertheless, during the exhibit, which was the interview of her, she did indicate a sexual contact in the form of him touching her private parts.”  The court denied the Rule 29 motion.  Roe testified in his own defense.  He denied the allegations of inappropriate touching.  The defense also called an expert witness to review Hilfer’s protocol in conducting the forensic interviews with the children.

[¶8] During closing arguments, the prosecutor discussed the inconsistency in K.V.’s testimony at trial where she testified no sexual contact took place, and her recorded statements made to the forensic investigator where she made disclosures of sexual contact by Roe.  The defense did not object to the closing statement.  At the close of the case, the jury convicted Roe of both charges of gross sexual imposition.

 

II

[¶9] Roe argues admission of the out-of-court recorded forensic interviews of the minor children is obvious error and a misapplication of the law.  Roe contends the district court erred by not making mandatory explicit findings concerning the reliability and trustworthiness of the child hearsay.

[¶10] This Court reviews a district court’s evidentiary ruling under an abuse-of-

discretion standard.  
State v. Sevigny
, 2006 ND 211, ¶ 24, 722 N.W.2d 515.  However, because Roe failed to make a contemporaneous objection on hearsay grounds when the evidence was presented at trial, he argues we should review the lower court’s decision to admit the evidence for obvious error under N.D.R.Crim.P. 52(b).  
See
 
State v. Krull
, 2005 ND 63, ¶ 6, 693 N.W.2d 631 (stating “even if a defendant objects at the pretrial hearing on a N.D.R.Ev. 803(24) motion, failure to object at trial to testimony of a child victim’s out-of-court statement regarding sexual abuse limits our inquiry to determining whether its admission into evidence constitutes obvious error affecting substantial rights under N.D.R.Crim.P. 52(b).”).  “To establish obvious error, a defendant must show (1) error, (2) that is plain, and (3) that affects substantial rights.”  
State v. Wegley
, 2008 ND 4, ¶ 14, 744 N.W.2d 284.  “[E]ven if the defendant establishes obvious error, we will not exercise our discretion to correct the error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings.”  
State v. Paul
, 2009 ND 120, ¶ 11, 769 N.W.2d 416.  To constitute obvious error, the error must be a clear deviation from an applicable legal rule under current law.  
State v. Chacano
, 2013 ND 8, ¶ 10, 826 N.W.2d 294.  “We cautiously exercise our power to notice obvious error only in exceptional situations in which a defendant has suffered serious injustice.”  
Krull
, 2005 ND 63, ¶ 6, 693 N.W.2d 631.

[¶11] At issue here is whether the trial court was required to make specific findings regarding the admissibility of child hearsay, even after the parties stipulated to the  admission of the out-of-court recorded interviews.  Rule 803(24), N.D.R.Ev., provides:

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

. . . . 

(24) Child’s Statement About Sexual Abuse
. A statement by a child under the age of 12 years about sexual abuse of that child or witnessed by that child if:

(A) the trial court finds, after hearing on notice in advance of the trial of the sexual abuse issue, that the time, content, and circumstances of the statement provide sufficient guarantees of trustworthiness; and

(B) the child either:

(i) testifies at the trial; or

(ii) is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

The child-hearsay rule is designed to balance the interests of the accused and the interests of the truth-seeking process.  
Wegley
, 2008 ND 4, ¶ 12, 744 N.W.2d 284.  “Factors the [district] court must consider when deciding whether to admit a child’s out-of-court statements are the spontaneity and consistent repetition of the statements, the mental state of the declarant, the use of terminology unexpected of a child of similar age, and a lack of a motive to fabricate.”  
Sevigny
, 2006 ND 211, ¶ 25, 722 N.W.2d 515.  A district court must make explicit findings as to what evidence it relied upon regarding the factors and explain its rationale for either admitting or excluding the testimony so a defendant can be assured the required appraisal has been made.  
Id.
  “The court must make specific findings of fact relevant to reliability and trustworthiness and explain how the facts support the court’s conclusion of admissibility.  Non-detailed findings may be sufficient when there is an adequate factual basis in the offer of proof to support the court’s decision.”  
Id.
 (citation omitted).  

[¶12] In the instant case, the parties held a hearing pursuant to N.D.R.Ev. 803(24).  At the hearing, the forensic examiner provided foundation testimony for the forensic interviews with respect to K.V. and N.V., but not to the interview with C.V.  Roe did not object to the admission of the recorded forensic interviews of K.V. and N.V.  The court did not view the recorded interviews until trial.  Following the hearing, the State provided the court with a supplemental brief containing authority that outlined the proper procedure the court was to follow in evaluating child hearsay.  
See
 
Sevigny
, 2006 ND 211, ¶ 25, 722 N.W.2d 515.  The court did not make any findings regarding whether the time, content, and circumstances of the children’s statements provided sufficient guarantees of trustworthiness.  Counsel for the defense states, “It is undisputed that both parties stipulated to the admissibility of all three out of court hearsay recorded interviews.”  K.V. and N.V. testified at trial.  Defense counsel also did not object to playing all three recorded interviews at trial. 

[¶13] We are left to determine whether a stipulated agreement to admit evidence overrides the procedural requirements contained in N.D.R.Ev. 803(24).  Generally, parties may chart their own course at trial and consent by stipulation or by their conduct to the law to be applied, and in so doing, may stipulate away statutory or even constitutional rights.  83 C.J.S. Stipulations § 26 (2010).  “The benefit of a statute or constitutional provision enacted for the protection of a party may be waived by stipulation, if it is a matter of private right and public policy or morals are not thereby infringed.”  
Id.
  “Generally speaking, the parties or their counsel may stipulate as to evidential matters, such as the admission, exclusion or withdrawal of evidence, or as to the necessity of evidence to prove designated facts, but stipulations that are clearly against public policy will not be validated.”  
Id.
 at § 34.

[¶14] It is also well established that a party may waive his or her right to confrontation by stipulating to the admission of certain evidence.  
See
 
United States v. Carlson
, 547 F.2d 1346, 1358 (8th Cir. 1976) (stating “A waiver of the right of confrontation can take various forms. In some instances, an accused may voluntarily consent to forego his right of confrontation. For example, the accused may agree not to cross-examine witnesses at his trial.”); 
United States v. Lee
, 374 F.3d 637, 649-50 (8th Cir. 2004) (stating, “A defendant may waive his confrontation rights by pleading guilty, by stipulating to the admission of evidence, by voluntary absence at trial, and by his own misconduct or disruptive actions.”) (citations omitted).

[¶15] The facts of the instant case are somewhat analogous to 
State v. Krull
, 2005 ND 63, 693 N.W.2d 631.  Krull was convicted on two counts of gross sexual imposition arising from his sexual contact with two young girls.  Before trial, the State expressed its intent to introduce child hearsay statements to the jury.  The hearsay included statements the children made to their parents, to law enforcement, and one of the girl’s recorded forensic interviews.  The district court held a hearing pursuant to N.D.R.Ev. 803(24), but the court did not make any specific findings regarding admissibility or trustworthiness, “but simply repeated the language of the applicable hearsay rule and ordered the statements admitted.”  
Krull
, at ¶ 2.  At trial, the hearsay statements were introduced to the jury.  “The defense did not object to the introduction of the hearsay statements, and, by stipulation of the parties, the defense actually offered into evidence the forensic interviewer’s videotaped interviews with each of the girls.”  
Id.
 at ¶ 3.  Krull was convicted and appealed, arguing the district court did not adhere to the procedural safeguards in place that were designed to ensure the reliability of children’s hearsay.

[¶16] On appeal, we held that the trial court committed plain error in admitting hearsay statements of child victims without making  “specific findings of the facts relevant to reliability and trustworthiness” and by not adequately explaining “how these facts support the conclusion of admissibility.”  
Id.
 at ¶ 9.  However, although we determined that the court committed plain error, we did not conclude that the error affected Krull’s substantial rights.  
Id.
 at ¶ 10.  Specifically, we noted that both the child victims took the stand and reaffirmed their allegations, and that Krull implicated himself in a law enforcement interview.

[¶17] Our discussion in 
Krull
 did not elaborate on the specifics of the stipulation entered into by the parties at trial, or discuss whether the stipulation could override the procedural safeguards of N.D.R.Ev. 803(24).  Nevertheless, there are fundamental differences between the stipulation in 
Krull
 and the stipulation in the instant case.  Here, the stipulation was entered into during the N.D.R.Ev. 803(24) hearing, whereas in 
Krull
, the stipulation was apparently entered at trial, after the N.D.R.Ev. 803(24) hearing was held.  Additionally, 
Krull
 is distinguishable in that at the N.D.R.Ev. 803(24) hearing, “Krull’s attorney argued the time, content, and circumstances surrounding the statements indicated a lack of trustworthiness, but the trial court allowed the statements to be introduced before the jury.”  
Krull
, at ¶ 2.  Essentially, Krull went to trial without any specific finding relating to the reliability or  trustworthiness of the children’s hearsay.  Roe, on the other hand, stipulated to the admission of the children’s hearsay statements, and was not unduly disadvantaged when all three of the children’s forensic interviews were played to the jury.

[¶18] Although the issue before us is somewhat anomalous, there is adequate and persuasive authority for the general rule that, where the parties stipulate to the admission of evidence, a court is not generally bound to rigidly adhere to the strict dictates of procedure to ascertain whether that evidence would have been proper notwithstanding the stipulation.  For instance, the Michigan Supreme Court has recognized that a “trial court may properly accept a plea of guilty but mentally ill where the parties, by stipulation, have waived strict compliance with provisions of the statute.”  
People v. Blue
, 411 N.W.2d 451, 454 (Mich. 1987); 
see also
 
People v. Booth
, 324 N.W.2d 741 (Mich. 1982); 
People v. Wilsher
, 454 N.W.2d 178, 181 (Mich. App. 1990); 
State v. Brintzenhofe
, No. 18924, 1999 WL 292195 at * 3 (Ohio App. Ct. May 12, 1999) (reasoning, if a criminal defendant can waive the right to strict compliance with a sentencing statute by plea bargaining, an individual challenging his sex offender designation can waive strict statutory compliance by his explicit stipulation that he accepted the designation);  
State v. Coleman
, 507 N.E.2d 428, 430 (Ohio App. Ct. 1986).

[¶19] There is also authority supporting a conclusion that, where a party charged with gross sexual imposition of a child stipulates to the admission of the child’s hearsay statements, the defendant cannot alternatively argue on appeal that the lower court erred in permitting the admission of such hearsay.  For example, in 
Heck
, a Florida appeals court held that a father convicted of sexually abusing his minor child could not argue on appeal that the lower court erred in admitting the child’s recorded hearsay statements where the father specifically stipulated to the tape’s admission.  
Heck v. M.H.
, 627 So.2d 1325, 1326 (Fla. Dist. Ct. App. 1993) (stating, “the father cannot now complain about the introduction of the child hearsay statements in the videotapes where the father entered into a pretrial stipulation in which he agreed to allow the children’s hearsay statements contained in the videotapes to be admitted during the trial.”).  Similarly, in 
C.R.B.
, a Washington court of appeals held that, where the defendant stipulated to the admission of a child’s hearsay statements and the child’s competence to testify, the stipulation precluded consideration of the admissibility of the child’s hearsay statements on appeal.  
State v. C.R.B.
, 137 Wash. Ct. App. 1029 at *5 (2007).  Specifically, the court concluded that the stipulation waived his objection to the admissibility of the child’s statements.  
Id.
; 
see also
 
State v. Slate
, 101 Wash. Ct. App. 1032 at *4 (2000) (trial counsel did not render ineffective assistance of counsel where defendant stipulated to admission of child hearsay statements and waived an admissibility hearing to determine the reliability of the statements).

[¶20] Here, the State and Roe each stipulated to the admission of all three out-of-

court recorded forensic interviews of the minor children.  The defense strategy, ostensibly, was to use C.V.’s forensic video to contradict and refute the State’s forensic video evidence.  The record does not reflect that Roe’s trial counsel was caught off guard or blind-sided by the content of the interviews.  The jury had the opportunity to weigh the evidence and contemplate all three interviews.  Only after the tactic proved unavailing does Roe argue on appeal the admission was improper.  Given the fact that a stipulation was in place to admit the child hearsay, we conclude the district court did not commit obvious error in failing to make veracity and trustworthiness findings with respect to the content of the forensic interviews.

  

III

[¶21] Roe argues there was insufficient evidence to sustain the convictions on counts I and II.  This Court has stated:

In reviewing challenges to the sufficiency of the evidence, we view the evidence and reasonable inferences in the light most favorable to the verdict. A conviction rests upon insufficient evidence only when no rational fact finder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor. In reviewing challenges to the sufficiency of the evidence, we do not reweigh conflicting evidence, nor judge the credibility of witnesses.

State v. Estrada
, 2013 ND 79, ¶ 33, 830 N.W.2d 617.  North Dakota’s gross sexual imposition statute states: 

1. A person who engages in a sexual act with another, or who causes another to engage in a sexual act, is guilty of an offense if:

. . . .

d. The victim is less than fifteen years old. 

N.D.C.C. § 12.1-20-03(1)(d).  “Sexual act” is defined to include “sexual contact between human beings consisting of contact between . . . [any] portion of the human body and the penis . . . .”  N.D.C.C. § 12.1-20-02(4).  “‘Sexual contact’ means any touching, whether or not through the clothing or other covering, of the sexual or other intimate parts of the person . . . for the purpose of arousing or satisfying sexual or aggressive desires.”  N.D.C.C. § 12.1-20-02(5).

[¶22] N.V. testified Roe put his hand up her shirt and touched her nipples.  N.V. also testified Roe put her hand down his pants and touched his private part.  K.V. also testified she saw Roe put his hands up N.V.’s shirt and down her pants.  With respect to the charge concerning K.V., the jury did in fact hear K.V.’s testimony that Roe did not touch her private parts.  However, the jury also heard K.V.’s forensic interview where she disclosed that Roe did make sexual contact with her by forcing her to sit on his lap while he was naked.  K.V. also said Roe made her hand touch his part, referring to his penis.  Immediately after the jury viewed K.V.’s forensic interview, the forensic investigator testified K.V. made disclosures that Roe touched her private parts.

[¶23] Viewing the evidence in the light most favorable to the verdict, a rational jury could find the defendant guilty, beyond a reasonable doubt, of both counts of gross sexual imposition.  Although there is contradictory testimony and evidence as to whether Roe had sexual contact with K.V., this Court will not reweigh the conflicting evidence.  Both K.V. and N.V.’s forensic interviews detailed that Roe made sexual contact with each girl.  We conclude there was sufficient evidence to sustain the convictions on counts I and II.

IV

[¶24] Roe argues the prosecutor’s closing argument improperly incorporated his personal beliefs by vouching for the credibility of the State’s witnesses.  Roe did not object to the State’s closing argument.  Where there is no objection to the prosecutor’s argument at trial, this Court will not reverse unless it was an obvious error affecting a defendant’s substantial rights.  
State v. Rivet
, 2008 ND 145, ¶ 6, 752 N.W.2d 611.

[¶25] On appeal, Roe contends the prosecutor directly commented on the truth and veracity of the State’s witnesses and their recorded forensic interviews.  Roe does not specifically cite which statements constitute prosecutorial misconduct.  During the closing argument, the prosecutor stated, among other things: 

Here’s my argument to you.  You saw N.V. on Tuesday tearing up.  You saw the trouble that K.V. had as well.  You saw the forensic interviews that occurred.  I argue to you that that’s the truth and that those children told you the truth in the forensic interviews, and N.V. told you the truth in her live testimony here in court, and K.V., for whatever reason, came up short, but the essence was still on her forensic interview.

The prosecutor, referring to the forensic interviews, also stated “I’m going to argue to you that K.V. and N.V. were not mistaken, they weren’t lying.  C.V. was not ready to talk about this [alleged sexual contact].”

[¶26] “A prosecutor’s closing argument may properly draw reasonable conclusions and argue permissible inferences from the evidence, but a prosecutor may not create evidence by argument or by incorporating personal beliefs.”  
State v. Clark
, 2004 ND 85, ¶ 9, 678 N.W.2d 765.  “An attorney has a right to argue to the jury the credibility of witnesses as long as he confines that argument to the evidence and fair inferences that arise therefrom.”  
Rivet
, 2008 ND 145, ¶ 4, 752 N.W.2d 611.  “[T]he prosecution’s improper suggestions, insinuations and assertions of personal knowledge distort the fundamental guarantee of a fair trial by placing the great weight and presence of the government on the side of the prosecutor . . . .”  
State v. Schimmel
, 409 N.W.2d 335, 343 (N.D. 1987).  “Prosecutors can argue inferences and what the evidence shows . . . .”  
Chacano
, 2013 ND 8, ¶ 23, 826 N.W.2d 294.

[¶27] Upon our review of the closing statements, we conclude the prosecutor’s statements do not constitute misconduct.  The statements reflect a fair inference that could arise from the evidence as presented.  In particular, the evidence contained two contradictory statements from a minor child.  The prosecutor’s closing statement acknowledges the discrepancy but makes a fair inference that perhaps the child did not feel comfortable for any number or reasons to make the same statements at trial.  It is reasonable to infer that a child may have originally told the truth during the forensic interview, but then, when called to testify before an imposing courtroom full of strangers, the child may become shy, frightened, embarrassed, and reticent to talk about past traumatic experiences.  We conclude Roe did not meet his burden of showing any plain error that affects his substantial rights.

V

[¶28] The court did not err in admitting the forensic DVD recordings.  There was sufficient evidence to sustain the convictions with respect to counts I and II, and the prosecutor’s closing argument did not constitute misconduct.  We affirm the judgment.

[¶29] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom