2006 ND 25

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Daniel Allen NIKLE, Defendant and Appellant.**

**No. 20050172.**

Supreme Court of North Dakota.

Jan. 31, 2006.

Kevin B. Spaeth, Grand Forks, for defendant and appellant; submitted on brief.

Thomas H. Falck, Jr. and Anne M. Boettger (legal intern), Grand Forks, for plaintiff and appellee; submitted on brief.

CROTHERS, Justice.

[¶ 1] Daniel Allen Nikle appeals from a criminal judgment and commitment, following a jury trial in which Nikle was found guilty of two counts of felony delivery of methamphetamine. We affirm the judgment of the district court.

## I

[¶ 2] Nikle was charged with three counts of delivery of methamphetamine. During voir dire for his jury trial the district court judge asked all persons in the jury pool whether they knew the people associated with or the circumstances surrounding the case. At one point, a member of the venire stated, "I think that I actually do recognize the defendant. . . . I know him from work at Super Target and also with the security there." The judge asked, "[I]s there anything about your knowledge of him that would cause you difficulty to sit on this case?" The venireperson responded, "Well, I think that he came through my line and bought Sudafed." Defense counsel did not object to this line of questioning and, in fact, continued to further question the venireperson about Sudafed, the restrictions on its purchase, and the "Methamphetamine Watch" program in general. Throughout these exchanges, the venireperson repeatedly assured both the judge and counsel that she could remain fair and impartial.

[¶ 3] The venireperson was not challenged for cause, and it does not appear a peremptory challenge was used to excuse her. She was ultimately not on the final jury which convicted Nikle on two of the three counts of delivery of methamphetamine.

[¶ 4]   Nikle argues the venireperson's statement was so prejudicial that it was obvious error for the district court to fail to dismiss the entire jury panel.  Alternatively, he argues he received ineffective assistance of counsel by virtue of his trial counsel's failure to request dismissal of the panel, request a curative instruction, or object to the questioning.

## II

[¶ 5]   To establish obvious error, a defendant must show error occurred that 1) was plain, meaning it deviated from a legal rule under current law, and 2) affected substantial rights, meaning the outcome of the proceeding was affected.  *State v. Krull*, 2005 ND 63, ¶ 6, 693 N.W.2d 631; N.D.R.Crim.P. 52(b).

[¶ 6]   North Dakota has not established rules indicating the circumstances under which a venireperson's comments would be so prejudicial that a judge must dismiss the pool in its entirety.  However, holdings in the federal courts have shown great faith is placed in a juror's ability to remain fair and impartial.  In *United States v. Small*, the Tenth Circuit Court of Appeals held a district court did not abuse its discretion in neither dismissing nor questioning a venire after one member of the panel made prejudicial remarks indicating his assumption of the defendants' guilt.  423 F.3d 1164, 1178–80 (2005).  Similarly, in *Thompson v. Borg*, a venireperson stated before a sequestered panel that the defendant had at one time pled guilty, but the Ninth Circuit Court of Appeals held this did not amount to pretrial publicity or taint the entire panel.  74 F.3d 1571, 1573–74 (1996).

[¶ 7]   Statements made by members of the venire may rise to the level that the entire pool is tainted.  *Mach v. Stewart*, 137 F.3d 630 (9th Cir.1997).  In *Mach*, during selection of the jury for a child abuse case, a member of the venire who was a social worker made repeated statements regarding her experience with child abuse victims and her belief that such victims do not lie.  *Id.* at 632–33.  The Court of Appeals determined these statements amounted to expert testimony, and it was therefore error for the district court to reject Mach's motion for a mistrial or, at a minimum, determine whether the jury had been "infected" by the statements.  *Id.* at 633.

[¶ 8]   Our precedent places much faith in jurors' ability to maintain impartiality.  Great weight is given to a potential juror's claim that he or she will remain impartial.  *See City of Bismarck v. Holden*, 522 N.W.2d 471, 474 (N.D.1994); *State v. McLain*, 301 N.W.2d 616, 622 (N.D.1981).  Even in cases of pretrial publicity, we have held a change of venue is required only when a defendant demonstrates a reasonable likelihood of prejudice so pervasive that a fair and impartial jury could not be found.  *State v. Erickstad*, 2000 ND 202, ¶ 7, 620 N.W.2d 136.

[¶ 9]   Here, the venireperson's statement pertained to neither Nikle's past criminal activity nor the current charges.  Although Nikle may be correct that the average North Dakota citizen associates Sudafed with manufacture of methamphetamine, the average citizen is also aware that it is not a crime to purchase or possess Sudafed.  Furthermore, the venireperson's statement was made at the beginning of the voir dire; following it, she repeatedly reported her ability to remain fair and impartial, and most if not all of the members of the jury panel were subsequently asked at some point whether they could remain fair and impartial.  Giving great weight to the claims of individual members of the venire, we see no indication that any legal rule was violated when the court failed to reject the panel.

[¶ 10] Because prong one of the N.D.R.Crim.P. 52(b) obvious error analysis is not satisfied, it is not necessary to discuss prong two. However, we note that, considering the abundance of evidence favoring Nikle's guilt, it is extremely doubtful that prejudice could be shown. Therefore, the district court's decision to retain the venire was not obvious error.

### III

[¶ 11] Nikle argues, alternatively, that he received ineffective assistance of counsel. The *Strickland* ineffective assistance of counsel test requires an appellate court to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, even when counsel is found to have erred, reversible error does not exist unless that error had an effect on the trial court's judgment. *Id.* at 691, 104 S.Ct. 2052. *See also State v. Palmer,* 2002 ND 5, ¶ 11, 638 N.W.2d 18.

[¶ 12] We believe defense counsel's representation could reasonably be viewed as a trial strategy and was not so misguided as to fall outside the reasonable range of professional assistance. However, we need not address this prong of the ineffective assistance of counsel claim, as Nikle clearly fails to meet his burden on prong two. *See Klose v. State,* 2005 ND 192, ¶ 10, 705 N.W.2d 809 (holding a court need not address both prongs of the ineffective assistance of counsel test if a defendant clearly fails to meet his burden on one of the prongs).

[¶ 13] To establish the second prong of his ineffective assistance of counsel claim, Nikle must show that trial counsel's "errors" had an effect on the judgment. *Palmer,* 2002 ND 5, ¶ 11, 638 N.W.2d 18. Nikle failed to argue in his brief that the outcome at the district court would have changed had counsel acted differently, and we see no perceivable argument for such a claim. Ample evidence was admitted to support a finding of guilt, including a confidential informant's testimony about drug buys he arranged with Nikle, testimony from police officers who wiretapped and supervised the informant during the buys, and the purchased methamphetamine itself. This evidence indicates the outcome of the trial would have been the same regardless of counsel's conduct during voir dire and regardless of the jury empaneled. Nikle fails to establish prejudice, and his ineffective assistance of counsel claim is therefore without merit.

### IV

[¶ 14] The district court did not commit obvious error in retaining the original jury panel, and Nikle has failed to establish he received ineffective assistance of counsel. The judgment of the district court is affirmed.

[¶ 15] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.