Filed 2/17/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 32

State of North Dakota, Plaintiff and Appellee

v.

Macintosh George Doll, Defendant and Appellant

No. 20110097

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Lloyd Clayton Suhr (submitted on brief), Assistant State’s Attorney, Burleigh County Courthouse, 514 East Thayer Avenue, Bismarck, ND 58501, for plaintiff and appellee.

Steven Balaban (submitted on brief), 200 North Mandan Street, Bismarck, ND 58501, for defendant and appellant.

State v. Doll

No. 20110097

Crothers, Justice.

[¶1] Macintosh Doll appeals a district court criminal judgment entered after a jury found him guilty of gross sexual imposition.  Doll argues (1) he did not receive a fair trial because he was tried with a codefendant, (2) he was unfairly prejudiced by the testimony of a sexual assault nurse, (3) the district court erred by denying his motion for mistrial due to a sequestration order violation and (4) the evidence was insufficient to support his conviction.  We affirm. 

I

[¶2] On March 13, 2010, law enforcement received a report that a 14-year-old girl had run away.  While attempting to locate the girl, Officer Rick Widicker received information that the girl had been with Doll and that Doll had sexual intercourse with the girl.  Officer Widicker called Doll and asked Doll if he knew where the girl was.  Doll stated the girl had been at his residence the night before and offered to help  locate her.  Doll called the girl and arranged to meet her at a gas station.  Officer Widicker followed Doll to the gas station and took the girl into custody when she arrived.  Shortly after being taken into custody, the girl told Officer Widicker that she went to Doll’s residence the night before and that Doll and Wyatte Chapin raped her while she was there.  

[¶3] Officer Widicker brought the girl to the police department, contacted the girl’s mother and drove the girl to the hospital for a sexual assault examination.  The girl’s sexual assault examination was conducted by a sexual assault nurse completing her second independent sexual assault examination.  A second, more experienced, sexual assault nurse observed and was available to assist if necessary.  Officer Scott Betz took over investigation of the case.

[¶4] On March 18, 2010, the State filed a criminal complaint charging 23-year-old Doll and 21-year-old Chapin with gross sexual imposition for engaging in a sexual act with a person less than fifteen years old.  The district court scheduled a joint trial on the charges.  Doll moved to sever his trial from Chapin’s trial.  The district court denied the severance motion.  

[¶5] Doll and Chapin were tried at a three-day jury trial.  During the pretrial conference, the district court ordered the sequestration of all witnesses during trial.  On the first day of trial, the State called as witnesses the girl and the sexual assault nurse who observed the girl’s examination.  The girl testified that on March 13, 2010, she went to Doll’s residence after a night of heavy drinking.  The girl testified that after arriving, she went to Doll’s bedroom, lay down in Doll’s bed and began passing in and out of consciousness.  She testified Doll and Chapin had sexual intercourse with her while in Doll’s bed.  The girl testified that she was not sure whether Doll ejaculated and that she was one “hundred percent sure” Chapin ejaculated.  The observing sexual assault nurse explained the sexual assault examination protocol and stated she believed the examining nurse followed the protocol.  

[¶6] On the second day of trial, the State called the sexual assault nurse who conducted the girl’s examination, Officer Widicker and Officer Betz.  The examining sexual assault nurse testified the girl’s injuries were consistent with her statements about what had occurred.  Officer Widicker testified about his work on the case from the time he received the runaway report until he transported the girl to the hospital.  Officer Betz testified that during his investigation, he interviewed Doll and Chapin, collected DNA samples from them both and seized the fitted sheet from Doll’s bed.  Officer Betz testified the DNA samples and the sheet were sent to the North Dakota Crime Laboratory for DNA analysis.  The second day of trial ended before Doll and Chapin cross-examined Officer Betz.

[¶7] The third day of trial began with cross-examination of Officer Betz.  The following exchange took place during Chapin’s questioning:

“Q  And in all the interviewing you did with her, was she—she was sure—all the interviewing you did, what did you learn about anybody ejaculating in the bedroom? 

“A  From—from the first interview I conducted with her, when I had asked her if either of the two individuals had ejaculated, she had indicated—she had indicated that she didn’t think either of the two individuals had ejaculated. 

“Q  Are you aware that she testified that there was ejaculation?

“A  Yes.

“Q  And how did you find that out?

“A  I found that out through the state’s attorney.” 

Before asking additional questions, Chapin requested permission to approach the bench.  The district court held an off-the-record bench conference.  Chapin resumed cross-examination.  After cross-examination of Officer Betz was complete, the State called the Crime Laboratory forensic scientist who conducted the DNA analysis of Doll’s bed sheet.  The forensic scientist testified that she recovered the DNA of three individuals from the sheet and that Doll, Chapin and the girl could not be excluded as contributors.  At the conclusion of the forensic scientist’s testimony, the State rested.

[¶8] The district court recessed and discussed the substance of the off-the-record bench conference outside the presence of the jury.  Doll and Chapin moved for a mistrial, arguing the state’s attorney violated the sequestration order by discussing the girl’s testimony with Officer Betz.  The state’s attorney acknowledged telling Officer Betz that the girl testified that Chapin ejaculated.  The state’s attorney stated he made the statement due to his surprise at the girl’s testimony, not to influence Officer Betz’s testimony.  The district court denied the motion for mistrial.  The trial proceeded.  Doll and Chapin testified before resting their cases.  The jury found Doll and Chapin guilty.  

II

[¶9] Doll argues his trial should have been severed from Chapin’s trial because Officer Betz testified about statements made by Chapin that incriminated Doll.  Doll argues he was unfairly prejudiced because the statements would have been inadmissible hearsay if Doll and Chapin were tried separately.  The State argues Doll failed to preserve the issue for appeal.  Further, the State argues Doll was not unfairly prejudiced by the admission of any of Chapin’s statements because Chapin testified, giving Doll the opportunity to cross-examine Chapin.

[¶10] Under N.D.R.Crim.P. 14(a), “[i]f the joinder of offenses or defendants in an indictment, an information, a complaint, or a consolidation for trial appears to prejudice a defendant or the prosecution, the court may order separate trials of counts, sever the defendants’ trials, or provide any other relief that justice requires.”  “The purpose of Rule 14 is to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of defendants to a fair trial.”  
State v. Dymowski
, 459 N.W.2d 777, 779 (N.D. 1990).  “[T]he general rule is that public policy considerations in the administration of justice require that the severance be denied in the absence of a clear-cut showing of prejudice against which the trial court will not be able to afford protection.”  N.D.R.Crim.P. 14 Explanatory Note.  “Under Rule 14, the duty of the court to grant a severance is a continuing one, which must be exercised in light of developments during the trial.”  N.D.R.Crim.P. 14 Explanatory Note.

[¶11] In order to preserve an objection to a joinder, a severance motion must be renewed at the close of evidence.  
State v. Bingaman
, 2002 ND 202, ¶ 7, 655 N.W.2d 51.  When an objection was properly preserved, we review the district court’s refusal to grant a separate trial for an abuse of discretion.  
Dymowski
, 459 N.W.2d at 779.  Generally, we do not review issues not properly raised in the district court.  
Bingaman
, at ¶ 9.  However, under N.D.R.Crim.P. 52(b), we may review such issues for obvious error.  
Bingaman
, at ¶ 9.  We will only exercise our power to notice obvious error in “exceptional circumstances where the accused has suffered serious injustice.”  
Id.
 (quotation omitted).  We will not find obvious error unless an appellant meets the burden of showing: “(1) error, (2) that is plain, and (3) that affects substantial rights.”  
Id.
 (quotation omitted).  To determine whether obvious error occurred, we “examine the entire record and the probable effect of the alleged error in light of all the evidence.”  
Id.
 (quotation omitted). 

[¶12] Doll did not renew his motion for severance at the close of evidence.  We review for obvious error because Doll failed to preserve his objection to the joinder of his trial with Chapin’s trial.  Doll relies on the United States Supreme Court’s decision in  
Bruton v. United States
, 391 U.S. 123 (1968), to support his argument that he was unfairly prejudiced by the admission of Chapin’s statements to Officer Betz.  In 
Bruton
, the Court held admission at a joint trial of a nontestifying codefendant’s confession incriminating his codefendant violated his codefendant’s Sixth Amendment right to confront witnesses against him.  391 U.S. at 128.  Later, in 
Nelson v. O’Neil
, 402 U.S. 622 (1971), the Court held its decision in 
Bruton
 was limited to confessions of a nontestifying codefendant, stating, “The Constitution as construed in 
Bruton
 . . . is violated only where the out-of-court hearsay statement is that of a declarant who is unavailable at the trial for ‘full and effective’ cross-

examination.”  
Nelson
, at 627.  Because Chapin testified at trial, Doll’s constitutional right to confront witnesses against him was not violated.  

[¶13] Doll argues that even if his right to confrontation was not violated, he was unfairly prejudiced because “if the trials were severed, Chapin’s statements would not have been admitted into evidence, Chapin would likely not have testified on Fifth Amendment grounds, and Doll would then not have been prejudiced.”  Doll does not identify the specific statements at issue.  Doll does not explain how Chapin’s statements to Officer Betz incriminated Doll.  The fact that Chapin’s statements may not have been admitted at Doll’s trial if Doll and Chapin had been tried separately does not establish Doll was prejudiced by the joint trial.  We conclude Doll failed to meet his burden of proving the district court committed obvious error by denying his severance motion.

III

[¶14] Doll argues the observing sexual assault nurse’s testimony was unfairly prejudicial.  The State argues Doll failed to preserve the issue for appeal.  The State further argues that even if this Court considers the issue, the probative value of the observing sexual assault nurse’s testimony was not substantially outweighed by the danger of unfair prejudice.

[¶15] Rule 103(a)(1), N.D.R.Ev., limits claims of error based on the admission of evidence to circumstances in which “a substantial right of the party is affected” and “a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context[.]”  When an evidentiary objection was properly preserved, we review the district court’s evidentiary ruling for an abuse of discretion.  
State v. Ramsey
, 2005 ND 42, ¶ 8, 692 N.W.2d 498.  When no objection was made to the admission of evidence in a criminal trial, we are limited to review for obvious error under N.D.R.Crim.P. 52(b).  
State v. Hernandez
, 2005 ND 214, ¶ 13, 707 N.W.2d 449; 
see
 N.D.R.Ev. 103(d).  

[¶16] Because Doll did not object to the observing nurse’s testimony at trial, we review for obvious error.  Doll argues the observing nurse’s testimony was unfairly prejudicial because she “improperly vouched” for the nurse who performed the girl’s examination.  The observing nurse’s opinion that the examining nurse followed the examination protocol was based on her firsthand knowledge of the protocol and on her observation of the girl’s examination.  We conclude Doll failed to establish that admission of the observing nurse’s testimony was obvious error because her testimony was relevant and was based on her own knowledge and observation.  

IV

[¶17] Doll argues the district court erred by denying his motion for mistrial because the state’s attorney violated the sequestration order.  The State argues the district court correctly denied the motion because the state’s attorney’s statements to Officer Betz did not influence Officer Betz’s testimony.  

[¶18] “Motions for mistrial are within the broad discretion of the district court, and we will not reverse the court’s decision on the motion unless there was a clear abuse of that discretion or a manifest injustice would result.”  
State v. Skarsgard
, 2007 ND 160, ¶ 16, 739 N.W.2d 786.  A district court abuses its discretion when it acts in an arbitrary, unreasonable or capricious manner, or misinterprets or misapplies the law.  
Id.
  “Generally, granting a mistrial is ‘an extreme remedy which should be resorted to only when there is a fundamental defect or occurrence in the proceedings of the trial which makes it evident that further proceedings would be productive of manifest injustice.’”  
Id.
 (quoting 
State v. Klose
, 2003 ND 39, ¶ 14, 657 N.W.2d 276). 

[¶19] Rule 615, N.D.R.Ev., requires that “[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses[.]”  “Sequestration of witnesses serves two related policies: (1) to prevent witnesses from tailoring testimony in light of the testimony of other witnesses, and (2) to permit discovery of false testimony and other credibility problems.”  
State v. Buchholz
, 2004 ND 77, ¶ 24, 678 N.W.2d 144.  Rule 615, N.D.R.Ev., requires the district court to grant a party’s request to exclude witnesses from the courtroom so one witness cannot hear the in-court testimony of other witnesses.  
Buchholz
, at ¶ 24.  A sequestration order does not extend to witnesses’ out-of-court communications during trial unless the order includes specific language prohibiting out-of-court communications.  
Id.
 at ¶ 25. 

[¶20] In denying Doll’s motion for mistrial, the district court determined that while the state’s attorney may have violated the sequestration order, a mistrial was not warranted because the state’s attorney did not intend to influence Officer Betz’s testimony and Officer Betz’s testimony was not influenced.  Although Officer Betz was aware of the girl’s trial testimony that Chapin ejaculated, Officer Betz testified the girl told him during a previous interview that neither Doll nor Chapin had ejaculated.  Officer Betz’s testimony that the girl’s statements to him were contrary to her trial testimony indicates Officer Betz’s testimony was not influenced by his knowledge of the girl’s testimony.  Without deciding whether the state’s attorney violated the sequestration order, we conclude the district court did not abuse its discretion by denying Doll’s motion for mistrial because the state’s attorney’s statements to Officer Betz did not influence Officer Betz’s testimony. 

V

[¶21] Doll argues the evidence presented at trial was insufficient to support his conviction because the girl’s testimony was unreliable.  Our review of a challenge to the sufficiency of the evidence supporting a jury verdict is very limited:

“[T]his Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction.  The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict.  When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses . . . .  A jury may find a defendant guilty even though evidence exists which, if believed, could lead to a verdict of not guilty.”

State v. Buckley
, 2010 ND 248, ¶ 7, 792 N.W.2d 518 (quoting 
State v. Wanner
, 2010 ND 121, ¶ 9, 784 N.W.2d 143). 

[¶22] In addition to the girl’s testimony, the State presented testimony from several other witnesses.  The State also introduced DNA evidence tending to prove the girl’s testimony was true.  The jury heard testimony from the girl, Doll, Chapin and other witnesses and was in the best position to judge their credibility.  Viewed in the light most favorable to the verdict, we conclude the evidence was sufficient to support the guilty verdict.

VI

[¶23] We affirm the district court’s criminal judgment. 

[¶24] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

I concur in the result.

Dale V. Sandstrom