Filed 7/1/15 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2015 ND 181

State of North Dakota, Plaintiff and Appellee

v.

Dallas Pius Lang, Defendant and Appellant

No. 20140332

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Sonna M. Anderson, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Dawn M. Deitz, Assistant State’s Attorney, 514 East Thayer Avenue, Bismarck, N.D. 58501, for plaintiff and appellee; submitted on brief.

Benjamin C. Pulkrabek, 402 First Street NW, Mandan, N.D. 58554-3118, for defendant and appellant.

State v. Lang

No. 20140332

Sandstrom, Justice.

[¶1] Dallas Lang appeals after a jury found him guilty of felonious restraint.  He argues that because a juror allegedly made inappropriate comments during jury selection, the district court should not have denied his motion, made later, for a mistrial.  He also argues the district court should have given a curative instruction to the jury to disregard the statements made during jury selection.  Because the district court neither abused its discretion in denying Lang’s motion for mistrial nor committed obvious error by not giving a curative instruction to the jury, we affirm the district court judgment.

I

[¶2] In April 2014, Lang was charged with felonious restraint, a class C felony.  After a jury trial, he was found guilty of felonious restraint and was sentenced to thirty months’ imprisonment, with twelve months suspended and three years’ probation.  Lang appealed.

[¶3] The central issue of this appeal stems from comments of a prospective juror made during jury selection and the alleged prejudicial effect of those comments.  During the questioning of prospective jurors, the State asked one of the panel about his experience working with the state’s attorney’s offices in Burleigh and Grand Forks Counties and his experience with domestic violence cases.  The text of this exchange, to which Lang objected, was as follows:

MS. DEITZ: Do you feel that you possess maybe some specific knowledge with regard to domestic cases?

[PROSPECTIVE JUROR]:  Probably, yes, because I’ve had — in one particular case I had to argue — I wrote some briefs to try to introduce some expert testimony.  I won’t go into more detail than that, but I had to do some research involved with that.

MS. DEITZ: In all those cases that you worked on, do all the victims act the same?

[PROSPECTIVE JUROR]:  No.

MS. DEITZ: Do they all stick to their story the entire time?

[PROSPECTIVE JUROR]:  No.

MS. DEITZ: Why is that?

[PROSPECTIVE JUROR]:  There’s a lot of different reasons —

MR. BORGEN:  Your Honor, I am going to object here.  If we could approach?

THE COURT:  You may.

(Sidebar.)

MR. BORGEN: She’s turning this into testimony on domestic violence and getting him to poison the jury pool basically on how domestic violence victims are going to change their story, and this is inappropriate voir dire.

THE COURT:  I agree.

MS. DEITZ: Okay.

THE COURT:  I think you need to stop, and I might even reconsider for cause just because he’s apparently done research in this area.  And I think that that’s — It may do us best to be — he indicated he can be fair and impartial with the witnesses and that, but I think if he’s got background I may dismiss him for cause.

MR. BORGEN: And additionally he’s a former employee of the State’s Attorney Office, and based upon that I renew my motion [to strike] for cause.

MS. DEITZ: I still think he can be impartial and unbiased.  A number of people know people involved from law enforcement and our office and they’re able to remain impartial.  Again, he isn’t — he’s working for child support which isn’t directly related.

THE COURT:  All right.  I’m going to reverse myself and grant the challenge for cause based upon his former employment with the State’s Attorney Office.

[¶4] After the conclusion of jury selection and the reading of opening jury instructions, Lang moved for mistrial, arguing the comments by the prospective juror poisoned the jury pool.  In addition to his motion for mistrial, Lang also asked the district court to issue a curative instruction to the jury to clarify that the statements made were not evidence the jury should weigh in reaching their verdict.  The district court denied Lang’s motion for mistrial and said whether a curative instruction was needed would be addressed later.

[¶5] The record reflects the district court had provided the parties with the proposed jury instructions in writing the day before trial, and went over them with the parties before the trial began.  Lang did not submit a proposed curative instruction after the jury was selected.  After the State had rested its case, the court again went over the proposed jury instructions with the parties and specifically said, “We’ll add that additional definition of serious bodily injury into the jury instructions.  Were there any other concerns or requests for jury instruction changes?”  To which Lang’s lawyer responded, “No, your Honor.”  The court then asked, “Anything further to put on the record at this time?”  To which Lang’s lawyer responded, “No, your Honor.”

[¶6] At the conclusion of the trial, and after the jury had delivered its verdict and been discharged, Lang renewed his motion for mistrial on the basis of the comments made during jury selection.  Once again, the district court denied his motion.

[¶7] At the sentencing hearing in November 2014, Lang unsuccessfully renewed his motion for mistrial.  In denying his motion, the district court stated:

My recollection was then after we moved on from that there wasn’t — the issue wasn’t really addressed any further.  It wasn’t brought up by the defense for the corrective instruction and I didn’t recall providing it.  I don’t believe the State asked for it.  I do recall the inquiry.  And I agree it was inappropriate for the State to make those inquiries of Mr. Pieske in voir dire.  But I think the action the Court took — by dismissing Mr. Pieske and ceasing the questioning and we moved on.  I am going to find that it did not result in a constitutional violation and that it would not result in a mistrial.  So I’m going to deny the motion.

Lang was sentenced on the charge of felonious restraint.  This appeal followed.

[¶8] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  Lang’s appeal was timely under N.D.R.App.P. 4(d).  We have jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29-28-06.

II

[¶9] On appeal, Lang argues that because a juror allegedly made inappropriate comments during jury selection, thus poisoning the jury pool, the district court erred in denying his motion for a mistrial.  Lang specifically alleges the State elicited statements from a prospective juror who previously had worked with the Burleigh County and Grand Forks County state’s attorney’s offices, and then worked with the Bismarck Regional Child Support Unit, about his experience with domestic violence victims.  Lang argues a constitutional error occurred during jury selection when a prospective juror made statements that possibly could have influenced the entire jury pool.

[¶10] Motions for mistrial fall within the broad discretion of the district court and will not be reversed on appeal absent a showing that the court clearly abused its discretion or that a manifest injustice would occur.  
State v. Doll
, 2012 ND 32, ¶ 18, 812 N.W.2d 381; 
State v. Skarsgard
, 2007 ND 160, ¶ 16, 739 N.W.2d 786; 
State v. Kaiser
, 417 N.W.2d 376, 379 (N.D. 1987).  “A district court abuses its discretion when it acts in an arbitrary, unreasonable or capricious manner, or misinterprets or misapplies the law.”  
Doll
, at ¶ 18.  “Generally, granting a mistrial is ‘an extreme remedy which should be resorted to only when there is a fundamental defect or occurrence in the proceedings of the trial which makes it evident that further proceedings would be productive of manifest injustice.’”  
Skarsgard
, at ¶ 16 (quoting 
State v. Klose
, 2003 ND 39, ¶ 14, 657 N.W.2d 276).

[¶11] Overall, Lang argues the comments made during jury selection constituted a “federal constitutional error.”  He argues that because the district court did not dismiss the prospective juror immediately after the comments were made, there is a reasonable possibility that those comments contributed to his conviction.

[¶12] On the other hand, the State argues the district court did not err when it determined the statements were not so inflammatory as to prejudice the defendant and deprive him of a fair trial.  In support of its argument, the State cites to cases from various jurisdictions supporting the proposition that a district court is granted broad discretion in determining the effects of allegedly inappropriate statements made by potential jurors.  
See
 
State v. Weekley
, 92 S.W.3d 327, 330 (Mo. Ct. App. 2002).  The State also cites to 
United States v. Small
, 423 F.3d 1164, 1178-80 (10th Cir. 2005), for the proposition that it is not an abuse of discretion for a court to neither dismiss nor question a jury panel after one member of the panel has made prejudicial remarks concerning his assumption of the defendant’s guilt.  In sum, the State argues that because Lang objected to the allegedly improper questioning of the prospective juror and the questioning immediately ceased, the impact of the statements on the jury panel was minimal and the statements did not give rise to the level of prejudice needed to declare a mistrial.

[¶13] While it is true that “North Dakota has not established rules indicating the circumstances under which a potential juror’s comments would be so prejudicial that a judge must dismiss the pool in its entirety,” 
State v. Nikle
, 2006 ND 25, ¶ 6, 708 N.W.2d 867, our existing case law supports the claim that the district court did not abuse its discretion in denying Lang’s motion for mistrial.  
See
 
id.
 at ¶ 10.  For example, in previous cases regarding the effects of comments made during jury selection, we have stated “great faith is placed in a juror’s ability to remain fair and impartial.”  
Id.
 at ¶ 6.  In 
Nikle
, a case in which a prospective juror commented on the defendant’s history of purchasing a drug common in the production of methamphetamine, we held such comments did not prejudice the defendant, because the statement did not pertain to the defendant’s past criminal activity or the charges brought against him, the prospective juror assured the court she could remain impartial after making the comments, and a majority of the jury panel assured the court they could remain impartial.  
Id.
 at ¶ 9.  In reaching this decision, however, we recognized there are situations in which statements made by prospective jurors may taint the entire pool.  
Id.
 at ¶ 7.  In 
Mach v. Stewart
, 137 F.3d 630 (9th Cir. 1997), the Ninth Circuit Court of Appeals held statements regarding the veracity of child abuse victims, which were repeatedly made by a prospective juror who was a social worker, amounted to expert testimony, and it was therefore error to reject the defendant’s motion for mistrial.  
Id.
 (citing 
Mach
, at 633).  Despite our recognition of such instances, we held in 
Nikle
 that the statements made concerning the defendant’s history of purchasing drugs common in the production of methamphetamine did not induce the level of prejudice that would infect the jury’s ability to remain fair and impartial.  
Nikle
, at ¶ 10.

[¶14] In the present case, although the district court did not ascertain that the members of the panel would remain impartial after hearing the comments made during jury selection, the reasoning in 
Nikle
 supports the district court’s decision to deny Lang’s motion for mistrial.  
See
 
Nikle
, 2006 ND 25, ¶ 6, 708 N.W.2d 867.  Here the prospective juror’s statement—that he was aware many domestic abuse victims tend to change their stories regarding alleged abuse—was made during jury selection, was objected to immediately, and was not repeated at any point during the remainder of the trial.  In addition, the district court reversed itself and removed the prospective juror for cause.  Although the charges brought against Lang stemmed from domestic abuse allegations, the prospective juror’s statement about the veracity of domestic abuse victims does not appear to possess the prejudicial nature alleged by Lang; rather, the statement may seem to cast doubt on the veracity of the State’s witness who testified about the incident for which Lang was being charged.

[¶15] Additionally, we note that other courts have held that failure to ask for a mistrial at the time of an objection is considered a waiver.  
See
 
Nixon v. State
, 572 So.2d 1336, 1340 (Fl. 1990).  Here, rather than moving for a mistrial at the time of the objection, Lang waited until the entire jury had been selected.  Therefore, Lang’s argument that a mistrial was appropriate is weakened by the fact that he waited to move for a mistrial until after jury selection.  
See, e.g.
, 
State v. Stricklin
, 861 N.W.2d 367, 388 (Neb. 2015) (motion for mistrial must be timely); 
Anderson v. Schreiner
, 94 N.W.2d 294, 300 (N.D. 1958) (defendant’s argument was weakened when he “did not move for a mistrial until both sides had rested”).

[¶16] We conclude the record reflects the district court did not abuse its discretion in denying Lang’s motion for mistrial and such denial did not constitute a “fundamental defect” capable of producing a “manifest injustice.”  
Skarsgard
, 2007 ND 160, ¶ 16, 739 N.W.2d 786.  After the inappropriate comments were made and objected to during jury selection, the district court instructed the State to stop eliciting such testimony from the prospective juror, and no further references to the comments were made during the trial.  In addition, although the district court did not immediately strike the prospective juror, the court reversed its previous decision and struck the prospective juror.  Although Lang claims the jury was prejudiced by these statements regarding domestic abuse, he can point to no evidence of actual prejudice among the jury.  We therefore hold the district court did not abuse its discretion in denying Lang’s motion for mistrial.

III

[¶17] Lang also argues the district court erred in failing to give a curative instruction to the jury to disregard the statements made during jury selection.  As a result, Lang contends this case should be reversed and remanded for a new trial.  In making this argument, Lang concedes that because he abandoned his request for a curative instruction during trial, his claim must be analyzed for obvious error.  On the other hand, the State argues that although the trial court did not specifically instruct the jury to disregard the statements made during jury selection in reaching their verdict, the court did instruct the jury to “decide the case strictly on the evidence presented during trial.”

[¶18] “‘A failure to object will limit our inquiry on appeal to determining if the alleged error constitutes obvious error affecting substantial rights.’”  
State v. Doppler
, 2013 ND 54, ¶ 14, 828 N.W.2d 502).  “We exercise our power to consider obvious error cautiously and only in exceptional situations in which the defendant has suffered a serious injustice.”  
State v. Hernandez
, 2005 ND 214, ¶ 13, 707 N.W.2d 449.  “We will not find obvious error unless an appellant meets the burden of showing:  (1) error, (2) that is plain, and (3) that affects substantial rights.”  
State v. Doll
, 2012 ND 32, ¶ 11, 812 N.W.2d 381.  Even if obvious error is established, “‘we will not exercise our discretion to correct the error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings.’”  
State v. Roe
, 2014 ND 104, ¶ 10, 846 N.W.2d 707 (quoting 
State v. Paul
, 2009 ND 120, ¶ 11, 769 N.W.2d 416).

[¶19] We apply obvious error only “in exceptional circumstances when the defendant has suffered a serious injustice.”  
State v. Austin
, 2007 ND 30, ¶ 19, 727 N.W.2d 790.  Because the district court’s failure to instruct the jury to ignore the statements made during jury selection does not appear to rise to the level of an exceptional situation in which the defendant has suffered serious injustice or an unjust conviction, we conclude the district court did not commit obvious error.  
See
 
Austin
, at ¶ 20 (court’s incorrect statement to jury did not constitute obvious error).

IV

[¶20] Because the comments made during jury selection do not appear to have risen to the level of a fundamental defect or occurrence in the trial proceedings resulting in a manifest injustice, the district court did not abuse its discretion in denying Lang’s motion for mistrial.  The district court did not commit obvious error by not issuing a curative instruction to the jury when such failure did not result in Lang’s suffering a serious injustice.  We affirm the district court judgment.

[¶21] Dale V. Sandstrom

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.