2017 ND 168

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Noah Zvi GLICK, Defendant and Appellant**

**No. 20160439**

Supreme Court of North Dakota.

Filed 7/12/2017

Marina Spahr, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Scott O. Diamond, Fargo, ND, for defendant and appellant.

Crothers, Justice.

[¶ 1] Noah Glick appeals a criminal judgment entered after a jury found him guilty of aggravated assault. Glick argues the district court erred in denying his motion for mistrial because of a juror's misconduct during voir dire. We affirm the criminal judgment.

I

[¶ 2] Glick was charged with aggravated assault and proceeded to trial by jury. After voir dire concluded, the parties exercised their peremptory challenges and the jury was selected and sworn, and the remaining prospective jurors were excused. A former prospective juror then approached the bailiff indicating he wished to bring something to the attention of the court. The former prospective juror informed the judge, Glick and the State that during voir dire a juror sitting next to him, juror D.G., leaned over and told him "she had been a victim of an assault by her boyfriend but she said she had gotten over it." The former prospective juror was a lawyer and felt, as an officer of the court, he had to disclose the statement because D.G. did not raise her hand when the State asked if anyone had been in a fight, and she did not answer when Glick asked if anyone had been the victim of an assault.

[¶ 3] During voir dire the district court stated:

"As I mentioned to you, the subject matter of the case is aggravated assault. That's—I've just given you the statement of it. One of the witnesses—or one of the individuals, [J.U.], had indicated he had a personal contact with that kind of a case. My question is: Does anyone else have that view of this case that it makes you so uncomfortable that you just don't know if you can really be fair in this case? [J.U.] gave us that example where he felt it was—was—it was very

difficult for him from a personal perspective. Anybody else in that situation?"

D.G. did not respond. During Glick's questioning, the prospective jurors were asked: "Is there anybody here who's been the victim or had a close family member or friend who's been the victim of an assault?" D.G. did not respond. The State asked the prospective jurors: "Have any of you ever been in a physical fight, a fist fight?" D.G. did not respond.

[¶ 4] Following the information provided by the former prospective juror, Glick indicated he was "comfortable with the jury as sat." The State indicated it would "challenge for cause" to remove D.G., based on not providing full disclosure and a concern that she did not answer honestly during voir dire. The district court decided to question D.G. in chambers, asking her additional questions while Glick and the State were present:

"THE COURT: I wanted to know if there was any information, there was kind of general questions asked about the background of the case and whether there was any issues that you felt you wanted to bring to the attention of the Court that you felt everyone should know, and I think you have responded no and the questioning went on and I think Ms. Shively posed questions individually to you and I think Ms. Spahr did as well. And, I guess, my question was as you reflect on the questioning, was there anything else that you wanted to bring to our attention that you thought—you think might be something that should be known that might impact your ability to be fair in this case or have you revealed everything that you felt was appropriate?

JUROR [D.G.]: No. I don't.

THE COURT: You felt candid about what you responded?

JUROR [D.G.]: Yep.

THE COURT: And you responded to each question that was posed by both attorneys fairly?

JUROR [D.G.]: Yep.

THE COURT: Very good. Ms. Spahr, I don't intend to ask anything more.

MS. SPAHR: Okay.

THE COURT: And Ms. Shively, I don't intend to ask anything more.

MS. SHIVELY: I don't either, Your Honor."

[¶ 5] After the district court's additional questions, Glick moved for mistrial based on juror misconduct. Glick was concerned if D.G.'s statement to the former prospective juror was true and she was the victim of an assault, she may be biased because he was charged with aggravated assault. The district court denied Glick's motion. The jury ultimately found Glick guilty of aggravated assault. Glick appeals.

## II

[¶ 6] Glick argues the district court erred by denying his motion for mistrial. "Motions for mistrial fall within the broad discretion of the district court and will not be reversed on appeal absent a showing that the court clearly abused its discretion or that a manifest injustice would occur." *State v. Lang*, 2015 ND 181, ¶ 10, 865 N.W.2d 401. "A district court abuses its discretion when it acts in an arbitrary, unreasonable or capricious manner, or misinterprets or misapplies the law." *Id.* (quoting *State v. Doll*, 2012 ND 32, ¶ 18, 812 N.W.2d 381). "Generally, granting a mistrial is an extreme remedy which should be resorted to only when there is a fundamental defect or occurrence in the proceedings of the trial which makes it evident that further proceedings would be productive of manifest injustice."

*Id.* (internal citation and quotations omitted).

[¶ 7] Glick argues the district court abused its discretion by determining D.G. answered truthfully during voir dire. Glick asserts a valid basis to remove D.G. for cause would have existed if she had answered truthfully.

[¶ 8] In denying Glick's motion for mistrial, the district court explained:

"THE COURT: And that is the decision of the Court. To the extent that you're making a motion for mistrial, that request is denied. The juror—the question or at least the anecdotal information that was shared by [former prospective juror] was in the Court's mind not definitive enough for me to conclude there was a statement that was made that was untruthful. I was also swayed by the reality that both lawyers specifically questioned this juror and it wasn't a case of them passing over this person. I was also very clear in my examination of this jury when I last asked the question, I specifically raised the issue of [J.U.], who was the juror that was excused, based on his request because he had been the subject of assault and felt that he couldn't be fair and impartial. I posed that as one of my final questions to the panel and no one raised their hand. Now as far as an explanation by [former prospective juror] or what he had heard, the Court can only assume that he heard portions of anecdotal information, whatever it might be. The question posed by the Court to [D.G.] was whether she was candid in every respect to the questions posed by the Court and counsel. She has stated such. Both attorneys have passed for cause and there's no other evidence before the Court to suggest that there has been misconduct by any person that is presently sitting on the jury and particularly [D.G.]. And for those reasons,

the jury having been sworn, the panel stands or the jury stands and we will proceed. So to that extent—to the extent you're making a motion, the motion is denied and the jury will go forward."

[¶ 9] Glick argues this Court should apply the framework provided in *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984). In *McDonough* the Supreme Court held that to obtain a new trial when alleging a juror did not answer truthfully during voir dire a "party must first demonstrate that a juror failed to answer honestly a material question on <u>voir dire</u>, and then further show that a correct response would have provided a valid basis for a challenge for cause." *Id.* at 556, 104 S.Ct. 845. The Supreme Court further explained, "[t]he motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial." *Id.* This Court noted the rationale provided by *McDonough* may entitle a defendant to a new trial if a prospective juror had been untruthful during voir dire. *See State v. Hidanovic*, 2008 ND 66, ¶ 28, 747 N.W.2d 463.

[¶ 10] In *State v. Yarbro* the defendant argued a juror failed to disclose during voir dire her education in social work and experience as a licensed social worker. 2014 ND 164, ¶ 21, 851 N.W.2d 146. In determining the district court did not abuse its discretion, this Court explained the questions asked of the prospective jury were not properly phrased to obtain that information. *Id.* at ¶ 22. The Court explained " '[c]areful questioning during voir dire helps preserve the balance of the policies of finality and certainty with a fair and accurate result while also providing a method to handle jurors who are not honest during voir dire.' " *Id.* (quoting *State v. Hidanovic*, 2008 ND 66, ¶ 28, 747 N.W.2d

463). This Court reasoned the defendant's allegations that the juror did not respond to questions truthfully were not supported by the record. *Id.*

[¶ 11] Here, properly phrased questions were asked during voir dire to learn whether any prospective juror had been a victim of assault. However, the only evidence on this record that D.G. may have been untruthful is the former prospective juror's statement. After hearing information from the former prospective juror and the State's motion, which it referred to as a "challenge for cause," the district court asked D.G. whether there was anything that she thought the court should know that might have an impact on her ability to be a fair and unbiased juror. D.G. responded she did not have anything else to bring to the court's attention. The district court asked D.G. whether she felt candid about her responses and whether she responded to each attorney's questions fairly. D.G. answered "yep."

[¶ 12] The district court was in the best position to assess whether D.G. was truthful during voir dire and the in chambers proceeding. In denying Glick's motion for mistrial, the district court found the former prospective juror's information was not definitive enough for it to conclude D.G. made untruthful statements. The district court explained it had been clear during its examination regarding whether any potential jury member could be fair and impartial. The court also asked D.G. if she was candid during voir dire, and found there was no evidence of misconduct by D.G.

[¶ 13] Glick argues the fact the former prospective juror came forward with the information established that D.G. did not respond truthfully during voir dire. However, the district court found D.G. answered truthfully after considering inconsistent information from D.G. and the

former potential juror. Moreover, Glick waived his right to ask further questions when D.G. was brought in chambers. Deferring to the district court's findings, we conclude the district court did not abuse its discretion in determining there was not enough definitive evidence D.G. answered untruthfully during jury selection. Therefore, the district court did not abuse its discretion in denying the motion for mistrial.

### III

[¶ 14] We affirm the criminal judgment, concluding the district court did not abuse its discretion in denying Glick's motion for mistrial.

[¶ 15] Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Jerod E. Tufte

Gerald W. VandeWalle, C.J.