Filed 1/25/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 33

State of North Dakota, Plaintiff and Appellee

v.

Laura Rende, Defendant and Appellant

No. 20170060

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Justice.

Stephenie L. Davis, Assistant State’s Attorney, Watford City, ND, for plaintiff and appellee; submitted on brief.

Scott O. Diamond, Fargo, ND, for defendant and appellant.

State v. Rende

No. 20170060

Jensen, Justice.

[¶1] Laura Rende appealed from a criminal judgment after a jury found her guilty of driving while under the influence of alcohol.  We reverse the criminal judgment and remand this case for a new trial.  The disclosure of a preliminary breath test result during Rende’s trial violated the legislative directive contained in N.D.C.C. § 39-20-

14(3), was not harmless error, and required the granting of Rende’s request for a mistrial.

I

[¶2] In June 2016, Rende was stopped by North Dakota Highway Patrol Trooper Preston Langer for speeding.  During the stop, Langer suspected Rende may have been driving under the influence of alcohol and requested Rende submit to a number of field sobriety tests.  She failed the horizontal gaze nystagmus test, alphabet test, walk and turn test, and one-legged stand test. Langer subsequently requested Rende submit to a preliminary breath test.  Rende consented to the preliminary breath test, which indicated an alcohol concentration result of 0.149 percent.  Rende was thereafter placed under arrest for driving under the influence.

[¶3] After placing Rende under arrest, Langer asked Rende if she would submit to a blood test.  Rende questioned Langer as to why she needed to submit to another test when she had already taken a breath test and performed field sobriety tests.  Rende apparently did not understand the distinction between the preliminary breath test, which can only be used for the purpose of determining probable cause for the arrest, and a subsequent blood alcohol concentration test.  During their argument about why the additional test was necessary, Rende stated, “1.4, I am really fucking drunk, used to be 1.0, one beer and a Jager bomb.”  Rende’s interaction with Langer, the field sobriety tests, and the preliminary breath test, were all recorded on video.

[¶4] The State offered the video from the traffic stop as evidence at trial.  The parties stipulated to editing the video to remove Langer’s administration of the preliminary breath test.  Apparently, without discussion or agreement, the exchange between Langer and Rende regarding why she needed to take another test, which included her statement about the preliminary breath test result, was played to the jury. Rende objected and moved for a mistrial.  The district court reserved ruling on the motion for a mistrial, but ultimately denied the motion concluding it was harmless error in light of the subsequent blood test indicating Rende had a blood alcohol concentration of 0.156 percent.

II

[¶5] Motions for mistrial are within the district court’s broad discretion and will not be reversed on appeal unless the court clearly abused its discretion or a manifest injustice would occur.  
State v. Lang
, 2015 ND 181, ¶ 10, 865 N.W.2d 401.  A district court abuses its discretion when it misinterprets or misapplies the law, or when it acts in an arbitrary, unreasonable, or capricious manner.  
Id.
  Granting a mistrial is an extreme remedy which should be resorted to only when there is a fundamental defect or occurrence in the proceedings that makes it clear that further proceedings would be productive of manifest injustice.  
Id.

[¶6] This Court has recognized that pursuant to N.D.C.C. § 39-20-14(3), the results of preliminary breath tests are to be excluded from evidence unless probable cause for the arrest is being challenged.  
Barrios-Flores v. Levi
, 2017 ND 117, ¶ 12, 894 N.W.2d 888; 
City of Fargo v. Erickson
, 1999 ND 145, ¶ 10, 598 N.W.2d 787; 
State v. Schimmel
, 409 N.W.2d 335, 339 (N.D. 1987).  The trial did not include a challenge to probable cause, and the preliminary test result should have been excluded.

[¶7] The district court recognized that the result of the preliminary breath test should not have been admitted but concluded that the error was harmless.  If an error occurs during a trial, we review its effect under N.D.R.Crim.P. 52 and decide “whether the error was so prejudicial that substantial injury occurred and a different decision would have resulted without the error.”  
Schimmel
, 409 N.W.2d at 339.  Under N.D.R.Crim.P. 52, an error is either harmless or obvious.  A harmless error does not affect a defendant’s substantial rights and must be disregarded.  N.D.R.Crim.P. 52(a).  An obvious error affects a defendant’s substantial rights and is grounds for reversal.  N.D.R.Crim.P. 52(b).  To establish obvious error, a defendant must show error that is plain and affects substantial rights.  
State v. Steen
, 2015 ND 66, ¶ 7, 860 N.W.2d 470.  “In analyzing obvious error, our decisions require examination of the entire record and the probable effect of the alleged error in light of all the evidence.”  
Id.
 (quoting 
State v. Olander
, 1998 ND 50, ¶ 12, 575 N.W.2d 658).

[¶8] In concluding the disclosure of Rende’s statement to the jury was harmless error, the district court relied on the subsequent blood test result that indicated a blood alcohol concentration of 0.156 percent.  The district court referenced our prior decision in 
Schimmel
.  The district court was correct that in 
Schimmel
, we concluded that existence of two subsequent blood alcohol tests  rendered the disclosure of the result of an A.L.E.R.T. screening test harmless error.  409 N.W.2d at 339.

[¶9] 
Schimmel
 is distinguishable from this case.  In this case, the jury provided confirmation that the admission of the preliminary breath test result was not harmless.  The jury, during deliberations, sent the following question to the district court:  “What was the preliminary breath test result?”  The jury’s interest in the preliminary breath test was significant enough to compel the jury to request additional information.

[¶10] A second way this case is distinguishable from 
Schimmel
 is that in addition to playing video that included Rende’s statements regarding the preliminary breath test result, the State solicited from Langer testimony that implied Rende had failed the preliminary breath test.  During the direct examination of Langer, the following exchange occurred:

Q. Now, Trooper Langer, at that point in time, you had asked her for the preliminary breath test, correct?

A. Correct. Yes.

Q. And did the Defendant perform that?

A. She did. Yes.

Q. And once she had performed that, what did you do next?

A. I placed her under arrest for driving under the influence of alcohol.

[¶11] The above questioning would have almost certainly left the jury with the conclusion Rende had failed the preliminary breath test.  Interpreting the term “result,” as provided in N.D.C.C. § 39-20-14(3) to include only numerical values and exclude statements regarding passing or failing the preliminary breath test, defeats the purpose of N.D.C.C. § 39-20-14(3).  That line of questioning is also inconsistent with this Court’s decision in 
Erickson
 which recognized that even the question of whether or not a driver consented to the preliminary breath test is irrelevant and inadmissible. 1999 ND 145, ¶¶ 10-12, 598 N.W.2d 787.  This case involved both an express statement of the preliminary breath test result by Rende as well as the implication that Rende failed the preliminary breath test.

[¶12] An accidental or inadvertent disclosure does not mitigate a violation of N.D.C.C. § 39-20-14(3).  The State offered the video.  The State should have been aware that the test result was revealed by Rende (inaccurately) in the video.  The State should have been aware the test result was statutorily inadmissible and should have taken steps to edit Rende’s comments about the result by the defendant from the video.  
See
 
State v. Ratliff
, 2014 ND 156, ¶ 41, 849 N.W.2d 183 (Crothers, J., concurring specially).  The State aggravated the error by soliciting testimony, which this Court previously determined to be irrelevant and inadmissible, that implied Rende had failed the preliminary breath test.

[¶13] The State argues it is significant that the preliminary breath test result was not disclosed by Langer, but was disclosed by Rende.  This appears to be an assertion that an admission against interest exception to the hearsay rule be applied to N.D.C.C. § 39-20-14(3).  There is no such exception to N.D.C.C. § 39-20-14(3).  The result is inadmissible regardless of who states the result or who offers the result.  
See
 
Minn. v. Ruach
, No. A09-917, 2010 WL 2362350, at *1 (Minn. Ct. App. June 15, 2010) (determining that even defendants are precluded from offering preliminary breath test results applying a statute similar to N.D.C.C. § 39-20-14(3)).

[¶14] After considering the disclosure of the test result through the video, the implication that Rende had failed the test through the questioning of Langer, and the jury’s specific question regarding the preliminary breath test, we cannot conclude the error was harmless.  Absent harmless error, the district court abused its discretion in denying Rende’s motion for a mistrial.

III

[¶15] The legislature has unequivocally stated in N.D.C.C. § 39-20-14(3) that a preliminary breath test result is not admissible, and in this case, the admission of the result was not harmless error.  The district court’s denial of a mistrial after the admission of the preliminary breath test result was an abuse of discretion.  We reverse the criminal judgment and remand this case for a new trial.

[¶16] Jon J. Jensen

Daniel J. Crothers

Jerod E. Tufte

VandeWalle, Chief Justice, dissenting.

[¶17] 
Because I believe the majority extends the intent of N.D.C.C. § 39-20-14(3) beyond the plain wording of that statute, I respectfully dissent.  

[¶18] Section 39-20-14(3), N.D.C.C., reads, in relevant part:  “The 
results
 of such screening test must be used only for determining whether or not a further test shall be given under the provisions of section 39-20-01.”  (Emphasis supplied).  The actual result of the screening test, a 0.149 reading was never admitted into evidence.  Rende’s vulgar statement that it was a 1.4 was inaccurate or merely her realization of how “drunk” she believed she was.  The fact the jury asked what was the preliminary breath test result indicates they did not understand Rende’s statement to be the actual result and Rende’s trial counsel declined the trial judge’s offer of a curative instruction as to the preliminary breath test. 

[¶19] Perhaps even more significant, while there is certainly evidence that a preliminary breath test was administered sufficient to draw an inference that Rende failed that test, 
City of Fargo v. Erickson,
 1999 ND 145, 598 N.W.2d 787, does not hold that any reference to a preliminary breath test alone requires a new trial.  Rather, in
 Erickson,
 we applied a harmless error standard.  
Id.
 at ¶ 13.  Similarly, in 
State v. Schimmel,
 409 N.W.2d 335 (N.D. 1987), the court, over Schimmel’s objection, admitted “evidence of the . . . screening test, and Schimmel’s failure thereof, which was elicited by the State through the testimony of the arresting officer.  
Id.
 at 338-39.  Notwithstanding, we applied a harmless error standard.  
Id.
 at 309.  While the majority strives to distinguish 
Schimmel
 because here the jury asked a question about the results and no such question was apparently asked in 
Schimmel,
 there apparently was no need to do so since the results of the test were admitted through the testimony of the arresting officer, not through a video of rambling voluntary statements of the defendant.  The majority opinion at ¶ 10 indicates that here the facts about the failure of the test was elicited from the officer but not in 
Schimmel
.  I do not agree this case is distinguishable on this ground.  
See Schimmel
, at 338.  Rather, the facts in 
Schimmel
 appear more egregious in that the results of the test and the fact Schimmel failed it were purposely elicited by the State from the arresting officer.  In contrast, here, Rende’s statement did not indicate the actual result and the officer’s testimony did not specifically state she had failed the test, although I agree that inference could be drawn.  I submit that the majority in its attempt to distinguish
 Schimmel
 has in fact reversed our decision in that case

[¶20] Finally, I am concerned about the implications of ¶ 13 of the majority opinion wherein it states, relative to the argument by the State that it was Rende, not the officer, who disclosed the preliminary breath test: “The result is inadmissible regardless of who states the result or who offers the result.”  Presumably that statement does not mean that a defendant can purposely blurt out something about a test result while testifying in order to bring about a mistrial as a matter of law, should the defendant be convicted.  Rather, I trust the statement is made in the context of the unpublished opinion cited in support of the statement, 
Minn. v. Ruach,
 that the trial court did not abuse its discretion in refusing to allow the defendant in a robbery case to admit evidence of a preliminary breath test as evidence he was too intoxicated to form an intent to commit the crime based on the statute and applying a harmless error standard because it was cumulative of other evidence of the appellant’s intoxication.

[¶21] I would apply the harmless error standard and affirm the trial court.

[¶22] Gerald W. VandeWalle, C.J.

Lisa Fair McEvers