# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 15

State of North Dakota,                                       Plaintiff and Appellee

v.

Jim Austin Wallitsch,                                     Defendant and Appellant

No. 20190194

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Joshua J. Traiser (argued), Assistant State's Attorney, and Brianna K. Kraft (on brief), third-year law student, under the Rule on Limited Practice of Law Students, Fargo, ND, for plaintiff and appellee.

Richard E. Edinger, Fargo, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Jim Wallitsch appeals from the amended judgment arguing the district court erred by not giving an instruction regarding a statement made by a potential juror during voir dire. We affirm.

[¶2]   Wallitsch was charged with aggravated assault and tampering with physical evidence. During voir dire potential jury members were asked if anyone had a problem being a fair and impartial juror. One potential juror, a Homeland Security agent, stated, "I'm fairly certain I've arrested your client before." The person was excused from the panel, the exchange was not discussed further, and the jury subsequently found Wallitsch guilty on both counts.

[¶3]   On appeal Wallitsch argues the district court obviously erred and reversal is required when, during voir dire, a Homeland Security agent said he previously arrested the defendant and no curative instruction was given to the venire or the jury.

I

[¶4]   "A failure to object will limit our inquiry on appeal to determining if the alleged error constitutes obvious error affecting substantial rights." *State v. Lang*, 2015 ND 181, ¶ 18, 865 N.W.2d 401 (citing *State v. Doppler*, 2013 ND 54, ¶ 14, 828 N.W.2d 502). "We exercise our power to consider obvious error cautiously and only in exceptional situations in which the defendant has suffered a serious injustice." *Id.* (citing *State v. Hernandez*, 2005 ND 214, ¶ 13, 707 N.W.2d 449). "We will not find obvious error unless an appellant meets the burden of showing: (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* (citing *State v. Doll*, 2012 ND 32, ¶ 11, 812 N.W.2d 381). "An alleged error does not constitute obvious error 'unless there is a clear deviation from an applicable legal rule under current law.'" *State v. Patterson*, 2014 ND 193, ¶ 4, 855 N.W.2d 113 (quoting *State v. Olander*, 1998 ND 50, ¶ 14, 575 N.W.2d 658). "Even if obvious error is established, 'we will not exercise our discretion

to correct the error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (citing *State v. Roe*, 2014 ND 104, ¶ 10, 846 N.W.2d 707) (quoting *State v. Paul*, 2009 ND 120, ¶ 11, 769 N.W.2d 416).

## II

[¶5] Wallitsch argues the error seriously affected the fairness and integrity of the judicial proceedings. Wallitsch argues he was convicted based on the fact that he was arrested by a Homeland Security agent and not the evidence in this case. He further argues the presumption of innocence was gone after potential jurors heard the comment from the Homeland Security agent. The State argues Wallitsch did not establish the district court erred or that the district court's failure to give a curative instruction affected substantial rights. We affirm.

[¶6] In *State v. Lang*, Lang argued the district court obviously erred in failing to give a curative instruction to the jury to disregard the statement from a prospective juror made during jury selection. The prospective juror was asked if he had specific knowledge regarding domestic violence cases. He responded "probably yes" and began to speak about why victims do not always stick to their story. Lang objected and the potential juror was removed for cause. *Lang*, 2015 ND 181, ¶ 3, 865 N.W.2d 401. This Court held, "[b]ecause the district court's failure to instruct the jury to ignore the statements made during jury selection does not appear to rise to the level of an exceptional situation in which the defendant has suffered serious injustice or an unjust conviction, we conclude the district court did not commit obvious error." *Id.* at ¶ 19.

[¶7] This Court has not articulated a clear rule indicating when a district court must instruct the jury to ignore statements made during voir dire. "An alleged error does not constitute obvious error 'unless there is a clear deviation from an applicable legal rule under current law.'" *State v. Patterson*, 2014 ND 193, ¶ 4, 855 N.W.2d 113 (quoting *State v. Olander*, 1998 ND 50, ¶ 14, 575 N.W.2d 658). Therefore, even assuming it was error not to stop voir dire and *sua sponte* provide a curative instruction, the district court did not commit obvious error.

2

[¶8] The district court did not obviously err by not providing a curative instruction regarding the potential juror's comments during voir dire. We affirm the amended judgment.

[¶9]  Daniel J. Crothers
Gerald W. VandeWalle
Lisa Fair McEvers
Jerod E. Tufte
Jon J. Jensen, C.J.