# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 58

Jerri L. and Lori Beth Sapa,                                  Plaintiffs and Appellants

      v.

Gregory Lofthus,                                               Defendant and Appellee

No. 20190283

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable Barbara L. Whelan, Judge.

AFFIRMED.

Per Curiam.

Darla J. Schuman, Grand Forks, ND, for plaintiffs and appellants; submitted on brief.

Todd D. Burianek, Grafton, ND, for defendant and appellee; submitted on brief.

**Per Curiam.**

[¶1]   Jerri and Lori Sapa appealed from a district court judgment relating to the cancellation of a contract for deed with Gregory Lofthus. We summarily affirm under N.D.R.App.P. 35.1(a)(4).

[¶2]   In November 2015, the Sapas sold property to Lofthus under a contract for deed. In December 2017, the Sapas sued Lofthus after the property suffered smoke and water damage, and the parties disagreed over the insurance proceeds. The Sapas alleged Lofthus missed payments and failed to obtain insurance on the property as required by the contract. The Sapas sought an equitable judgment declaring they owned the property and directing Lofthus to vacate the property. Lofthus denied the Sapas' allegations and counterclaimed, alleging he was entitled to the insurance proceeds.

[¶3]   After a bench trial, the district court found the contract for deed was ambiguous and both parties breached the contract. The court entered a judgment ordering the Sapas to satisfy the remaining balance on the contract from a portion of the insurance proceeds. The judgment released the remaining insurance proceeds to Lofthus and ordered the Sapas to deliver a warranty deed to Lofthus for the property.

[¶4]   "Cancellation of a contract for deed by action is an action in equity, and the district court must base its decision on equitable principles." *Bendish v. Castillo*, 2012 ND 30, ¶ 7, 812 N.W.2d 398. When a court exercises its discretion after balancing the equities of the case, we will not reverse unless an abuse of discretion is conclusively established. *Id.* at ¶ 9. After reviewing the record in this case, we conclude the district court's decision was not an abuse of discretion. We summarily affirm under N.D.R.App.P. 35.1(a)(4).

[¶5]   Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Jerod E. Tufte
       Daniel J. Crothers
       Lisa Fair McEvers